# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICKEY JAMES GRANDY and
BENJAMIN JOHN BIESE,

                Plaintiffs,

        -vs-                                          Case No.   14-CV-695

LT. STEVENS,
PETER ERICKSON,
BROWN COUNTY SHERIFF'S DEPARTMENT, and
JOHN DOE, sued as WDOC PREA Investigators,

                Defendants.

## DECISION AND ORDER

        Two prisoners, Rickey James Grandy and Benjamin John Biese, filed a *pro se* complaint under 42 U.S.C. § 1983 on June 16, 2014, alleging violations of their civil rights. However, neither plaintiff paid the full filing fee of $400.00 or filed a motion for leave to proceed *in forma pauperis*.

        By letter dated June 16, 2014, the plaintiffs were directed to pay the full $400.00 in fees or file a motion for leave to proceed *in forma pauperis* within 21 days. Plaintiff Biese then filed a motion for leave to proceed *in forma pauperis*, along with a certified copy of his prisoner trust account. To date, plaintiff Grandy has not paid the filing fee or requested leave to proceed *in forma pauperis*.

        On July 9, 2014, plaintiff Grandy filed a letter that was docketed as a motion to stay (Docket #16). In that letter, he first asks the Court to remove him from Case Nos. 14-CV-

0694 and 14-CV-0695 until he could get copies of everything that has been filed by plaintiff Biese. He then wrote, "as a matter of fact please remove me from Case No. 14-CV-00695 and free Case No. 14-CV-00694." (ECF 16). This document could be interpreted as a notice of voluntary dismissal. However, because of the conflicting messages, the Court will provide plaintiff Grandy with an opportunity to clarify his intentions.

The Court will issue a separate order regarding plaintiff Biese.

**IT IS THEREFORE ORDERED** that on or before **Friday, August 29, 2014**, plaintiff Grandy shall either (1) submit a letter to the Court indicating his desire to voluntarily dismiss his case, or (2) pay the full $400.00 in filing fees or file a motion for leave to proceed *in forma pauperis* (including a certified copy of his prison trust account statement for the six months prior to the filing of his complaint). Failure to take any action by this date will result in Grandy's dismissal from this action pursuant to Fed. R. Civ. P. 41(b) and Civil L. R. 41(c) (E.D. Wis.) (Copies of these rules are attached to this order).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of the complaint and the docket to plaintiff Grandy with this Order, along with a copy of the Court's form motion for leave to proceed *in forma pauperis*.

Dated at Milwaukee, Wisconsin, this 8th day of August, 2014.

**SO ORDERED,**

HON. RUDOLPH T. RANDA
U. S. District Judge

**Civil L.R. 41(c)  Dismissal for Lack of Diligence.**

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice.  Any affected party can petition for reinstatement of the action within 21 days.

**Fed. R. Civ. P. 41(b)  Involuntary Dismissal; Effect.**

> If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.