# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICKEY JAMES GRANDY and
BENJAMIN JOHN BIESE,

        Plaintiffs,

        -vs-        Case No.  14-CV-695

LT. STEVENS,
PETER ERICKSON,
BROWN COUNTY SHERIFF'S DEPARTMENT, and
JOHN DOE, sued as WDOC PREA Investigators,

        Defendants.

## DECISION AND ORDER

Two prisoners, Rickey James Grandy and Benjamin John Biese, filed a *pro se* complaint under 42 U.S.C. § 1983 on June 16, 2014, alleging violations of their civil rights. Plaintiff Biese has filed a motion for leave to proceed *in forma pauperis*.

The total cost of filing a civil action is $400.00, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status. Pursuant to the Prison Litigation Reform Act (PLRA), a prisoner plaintiff proceeding *in forma pauperis* is required to pay the full statutory filing fee of $350.00 for any civil action. *See* 28 U.S.C. § 1915(b)(1). Additionally, in a multiple plaintiff prisoner case, each prisoner proceeding *in forma*

*pauperis* is required to pay the statutory filing fee of $350.00. *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004).

Under the PLRA, which amended the *in forma pauperis* statute, the Court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Plaintiff Biese filed a certified copy of his prisoner trust account statement for the 6-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). A review of this information reveals that, for the six-month period immediately preceding the filing of the complaint, the average monthly deposit in the plaintiff's prison account was zero and the average monthly balance to the account was zero. Thus, the plaintiff has neither assets nor means to pay the initial partial filing fee.

However, a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Therefore, the plaintiff will be granted a waiver of payment of the initial partial

2

filing fee in this case. However, he is still obligated to pay the full filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2). See 28 U.S.C. § 1915(b)(1).

The PLRA also provides that if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event that this action is later dismissed for any of the above reasons, it will have an impact on the prisoner's ability to bring other actions *in forma pauperis*. Accordingly, the plaintiff will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under section 1915(g).

**NOTICE TO ALL PLAINTIFFS**:

The Seventh Circuit has cautioned:

> A prisoner litigating on his own behalf takes the risk that one or more of his claims may be deemed sanctionable under Fed.R.Civ.P. 11, or may count toward the limit of three weak *in forma pauperis* claims allowed by § 1915(g). A prisoner litigating jointly under Rule 20 takes those risks for all claims in the complaint, whether or not they concern him personally. Sharing works both ways; detriments as well as costs are parceled out among plaintiffs.

*Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004). Each plaintiff is required to sign every pleading filed in their case; and each signature conveys all of the representations specified by Rule 11(b) for the entire complaint. *Id.* at 855.

Pursuant to *Boriboune*, each plaintiff will be held legally responsible for the

complaint and other filings made in the case on his behalf, and the representations made in those filings. *See* Fed. R. Civ. P. 11. Accordingly, each plaintiff will be subject to sanctions under Fed. R. Civ. P. 11 if such sanctions are found to be warranted in any aspect of the case. *Boriboune*, 391 F.3d at 854-55. Similarly, the "three-strikes rule," about which the plaintiffs were previously advised, will apply to "all claims in the complaint, whether or not they concern" an individual plaintiff personally. *Id.* at 855. Thus, each plaintiff stands to incur a strike pursuant to 28 U.S.C. § 1915(g) if the action is dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. *Id.*

If you do not wish to pay the filing fee as set forth in this order or do not wish to proceed with this action to avoid incurring a "strike" under §1915(g), you must notify the court by filing a letter with the Clerk of Court on or before **Friday, August 29, 2014**, stating that you do not wish to prosecute this civil action. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under §1915(g).

**IT IS THEREFORE ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(4), plaintiff Biese will not be required to pay an initial partial filing fee.

**IT IS FURTHER ORDERED** that, if he wishes to voluntarily dismiss this action to avoid the possibility of incurring a strike under 28 U.S.C. § 1915(g), plaintiff Biese shall so notify the court on or before **Friday, August 29, 2014**.

Upon expiration of the specified time, the Court will determine whether the

action can continue *in forma pauperis*. The Court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where plaintiff Biese is confined.

Dated at Milwaukee, Wisconsin, this 8th day of August, 2014.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**